UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FOSTER-THOMPSON, LLC,**

    **Plaintiff/Counterclaim Defendant,**

v.                                                         Case No.: 8:04-CV-2128-T-30EAJ

**STEVEN THOMPSON,**

    **Defendant/Counterclaim Plaintiff,**

v.

**FOSTER-THOMPSON, LLC, THE FOSTER GROUP, LLC, JOANNE Q. FOSTER, and WALTER H. ("Rusty") FOSTER, IV,**

    **Thirty-Party Defendants.**
_____/

<u>**ORDER**</u>

Before the court is **Third-Party Plaintiff Steven Thompson's Motion to Compel Discovery and for Sanctions** (Dkt. 45) and **Memorandum in Support** (Dkt. 46) filed on June 10, 2005.

Third-Party Plaintiff Steven Thompson ("Mr. Thompson") seeks an order enforcing this court's order of April 15, 2005 (Dkt. 38) which granted Mr. Thompson's motion to compel (Dkt. 31). Specifically, the April 15, 2005 order mandated that the Third-Party Defendants The Foster Group, LLC, JoAnne Q. Foster, and Walter Foster, IV comply with outstanding Rule 34, Fed.R.Civ.P., requests for production served by Mr. Thompson on January 13, 2005

within thirty days of the order (Dkt. 38 at 2). Mr. Thompson also requests that this court grant attorney's fees for the prosecution of the successful motion to compel (Dkt. 31).[1]

Mr. Thompson asserts that the Third-Party Defendants have failed to comply with this court's April 15, 2005 order, as the Third-Party Defendants have failed to produce a single document in response to the January 13, 2005 requests for production.[2] In addition, Mr. Thompson alleges that the Third-Party Defendants have failed to respond to his requests for production propounded on February 24, 2005 and May 26, 2005. As of the date Mr. Thompson

---

[1] This court denied sanctions subject to reconsideration in the April 15, 2005 order. (Dkt. 38)

[2] Mr. Thompson indicates that the Third-Party Defendants responded to each of the January 13, 2005 requests for production with a form response:

> The Third Party Defendants object to this request as being overly broad, and that it calls for the production of materials that are irrelevant to this matter and not likely to lead to the discovery of admissible evidence. The Third Party Defendants also object that these documents have previously been provided by the Plaintiff/Counter Claim Defendant, Foster-Thompson, LLC, and reproduction of the same documents would be unduly burdensome and duplicative to the documents already provided. Without waiving said objections, the Third Party Defendants hereby state that they are not in possession and control of the actual documents, however, such documents have been provided to the Company's counsel, Carlton Fields. The Third Party Defendants state that these documents were previously provided by the Plaintiff/Counter-Claim Defendants counsel.

(Dkt. 46 at 2-3).

2

filed the instant motion to compel, responses to the February 24, 2005 requests were overdue. As of today's date, assuming that the Third-Party Defendants have yet to tender discovery responses to Mr. Thompson, responses to both the February 24, 2005 and the May 26, 2005 requests are overdue. Thus, Mr. Thompson seeks an order requiring the Third-Party Defendants to serve discovery responses to the aforementioned requests. In addition, Mr. Thompson seeks attorney's fees for the filing of the instant motion.

The Third-Party Defendants have failed to file a timely memorandum in opposition to Mr. Thompson's motion to compel (Dkt. 45) and are therefore deemed to have no objection to the relief Mr. Thompson has requested. See Local Rule 3.01(b), M.D. Fla.

Accordingly, an order requiring the Third-Party Defendants to pay Mr. Thompson's attorney's fees for the prosecution of his successful motion to compel (Dkt. 31) is appropriate under Rule 37(a)(4), Fed.R.Civ.P.[3]

---

[3] Where a motion to compel is granted or discovery is provided after a motion to compel is filed, Rule 37, Fed.R.Civ.P., requires the court to grant the moving party reasonable expenses associated with making the motion, including attorney's fees, unless the court finds the moving party did not first make a good faith effort to obtain the disclosure without court action, or that such an award would be unjust given the individualized circumstances of the nondisclosure. See Fed.R.Civ.P. 37(a)(4).

In addition, Mr. Thompson's attorney's fees could be awarded under Rule 37(b)(2), Fed.R.Civ.P., due to the failure of the Third-Party Defendants to comply with this court's order of April 15, 2005 (Dkt. 38). However, this court chooses to award fees under Rule 37(a)(4), Fed.R.Civ.P. as this court previously denied attorney's fees "subject to reconsideration if circumstances so

The parties are directed to confer and make all reasonable efforts to stipulate to an agreed sum for the fees and costs associated with Mr. Thompson's counsel prosecuting the successful motion to compel (Dkt. 31).  If the parties reach an agreement, Mr. Thompson is directed inform the court of such agreement.  If the parties are unable to reach an agreed sum by July 13, 2005, Mr. Thompson shall file an affidavit detailing the reasonable attorney's fees and costs incurred in prosecuting the motion to compel (Dkt. 31) which this court granted on April 15, 2005 (Dkt. 38).  Mr. Thompson's counsel is also directed to submit time sheets verifying the fees claimed.  The Third-Party Defendants shall have ten days to object to the fees outlined in Mr. Thompson's attorney's affidavits, and this court shall resolve any dispute regarding the reasonable fees claimed by Mr. Thompson.

In addition, the Third-Party Defendants are ordered to fully comply with Mr. Thompson's requests for production served on January 13, 2005, including the obligation of properly labeling and organizing the responsive documents in accordance with Rule 34(b), Fed.R.Civ.P.

Furthermore, the Third-Party Defendants are ordered to show cause to this court in writing on or before July 13, 2005 why they have failed to respond to Mr. Thompson's discovery requests

---

warrant." (Dkt. 38 at 2).  Such circumstances have arisen.

propounded on February 24, 2005 and May 26, 2005. The Third-Party Defendants shall also state any reasons why they should not be further sanctioned under Rule 37(b)(2), Fed.R.Civ.P., or otherwise.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) **Third-Party Plaintiff Steven Thompson's Motion to Compel Discovery and for Sanctions** (Dkt. 45) is **GRANTED** consistent with the foregoing and is otherwise denied.

**DONE AND ORDERED** in Tampa, Florida on this 29th day of June 2005.

                                                    _____
                                                    ELIZABETH A JENKINS
                                                    United States Magistrate Judge

5