UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FOSTER-THOMPSON, LLC,**

    **Plaintiff/Counterclaim**
    **Defendant,**

v.                                          Case No.: 8:04-CV-2128-T-30EAJ

**STEVEN THOMPSON,**

    **Defendant/Counterclaim**
    **Plaintiff,**

**v.**

**FOSTER-THOMPSON, LLC, THE**
**FOSTER GROUP, LLC, JOANNE Q.**
**FOSTER, and WALTER H. ("Rusty")**
**FOSTER, IV,**

    **Thirty-Party Defendants.**
_____/

<u>**ORDER**</u>

    This cause comes on for further consideration of matters discussed in the court's order of June 29, 2005. (Dkt. 50). In that order, the court granted Third-Party Plaintiff's motion to compel discovery, ordered the parties to confer on the amount of fees incurred due to filing the motion to compel, and ordered Third-Party Defendants to show cause why they failed to respond to the discovery requests and why they should not be further sanctioned under Rule 37(b)(2), Fed.R.Civ.P., or otherwise.

    On July 13, 2005, Third-Party Plaintiff's counsel informed the court that the parties agreed that the amount of attorney's fees

and costs to be paid to Third-Party Plaintiff was $3,651.19. (Dkt. 56). On July 22, 2005, Third-Party Defendants responded to the court's order to show cause. (Dkt. 59). At the court's request, Third-Party Plaintiff filed a reply on August 17, 2005. (Dkt. 65).

While not disputing the amount of fees and costs as reasonably incurred, Third-Party Defendants argue that their previous counsel believed his filing of a notice of unavailability and his U.S. Army active duty service in Germany from June 19, 2005 through July 11, 2005 were an adequate legal basis for not filing a response to the motion to compel and for sanctions. (Dkt. 59 at 7). Third-Party Defendants contend that they should not be culpable for their previous counsel's inaction and ask the court to reconsider its award of sanctions. Id. at 7-8.

Third-Party Plaintiff, on the other hand, argues that Third-Party Defendants were wholly uncooperative with discovery requests. (Dkt. 65 at 2). For example, Third-Party Plaintiff points out that after allowing Third-Party Defendants a 30-day extension of time to respond to requests for documents, Third-Party Defendants' response to each request was that no such documents existed.[1] Id. Third-Party Defendants' previous counsel also did not appear for two conferences scheduled to discuss discovery production problems. Id. at 3. Third-Party Plaintiff states that three separate

---

[1] Third-Party Defendants' new counsel has since produced 1,267 pages of documents. (Dkt. 65 at 2).

2

document requests were served on Third-Party Defendant, and none were answered on Third-Party Defendants' own without Third-Party Plaintiff having to resort to motion practice.  Id.  Third-Party Plaintiff argues that Third-Party Defendants' previous counsel made no effort to provide timely responses to discovery requests, and this inaction led to unnecessary court involvement, delay, and expense.  Id.  Third-Party Plaintiff urges the court to consider that Third-Party Defendant Walter H. ("Rusty") Foster, IV, is an attorney licensed in this district, acted as "general counsel" for the two corporate Defendants, and therefore knew of his obligation to respond to discovery requests.  Id.  Third-Party Plaintiff requests that the court affirm its prior sanctions award and provide a deadline by which Third-Party Defendants must comply. Id. at 4.

It is clear from the filings that Third-Party Defendants did not comply with the strictures of Rules 34 and 37, Fed.R.Civ.P., in responding to discovery requests and failed to do so even after ordered by this court.  However, Third-Party Defendants' previous counsel was on active duty with the U.S. Military for at least a short time during the relevant period.  Although this does not constitute excusable neglect for Third-Party Defendants' lengthy and recurring deficiencies, the court will consider it as a factor in the amount of sanctions awarded.  Further, Third-Party Defendants' current counsel appears to be cooperative on discovery

matters and has shown good faith in providing the overdue discovery.  (Dkt. 65 at 1).  In light of these circumstances, awarding the total amount of sanctions requested will not have the effect of penalizing Third-Party Defendants recalcitrant previous counsel or serve as a deterrent against future non-compliance as Third-Party Defendants have obtained new counsel.  Nonetheless, Third-Party Defendants' behavior cannot be excused.  They have not shown substantial justification for their failure to comply with the court's prior orders and no other circumstances make an award of sanctions unjust.  There is no dispute that Third-Plaintiff unnecessarily incurred expenses in connection with attempting to obtain compliance with discovery requests.

Therefore, in reconsidering the amount of sanctions to be awarded pursuant to the court's order of June 29, 2005, the undersigned finds that an award of reasonable attorneys' fees and costs to Third-Party Plaintiff in the amount of $2,000.00 is an appropriate sanctions.  This amount shall be paid within twenty days.

**DONE AND ORDERED** in Tampa, Florida on this 19th day of September 2005.

ELIZABETH A JENKINS
United States Magistrate Judge