# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**FOSTER-THOMPSON, LLC,**

      **Plaintiff,**

**v.**                        **Case No.  8:04-cv-2128-T-30EAJ**

**STEVEN THOMPSON,**

      **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Third Party Defendants' Motion for Final Summary Judgment (Dkt. # 73) and Steven Thompson's Memorandum in Opposition to Third Party Defendants' Motion for Summary Judgment (Dkt. # 77).  The Court, having considered the motion and response, and being otherwise fully advised, finds that the motion should be granted in part and denied in part.

### FACTUAL BACKGROUND

Plaintiff, Foster-Thompson, LLC (the "LLC") is a Florida limited liability company that was created in October of 2003 for the primary purpose of bidding on contracts to construct electrical power generating facilities in Iraq.  Plaintiff alleges that prior to the formation of the LLC, Thompson represented that "he was qualified and capable of, and willing to devote his full time and attention to, managing and overseeing the construction of electrical power generating facilities in Iraq."  In exchange for bringing his knowledge and

experience to the LLC, Thompson received 49% of the membership interest in the LLC, was made a manager in the LLC and would receive 50% of the LLC's profits.

In April of 2004, the LLC was awarded a $24 million contract by the United States, through the Coalition Provisional Authority, to construct an electrical power generating facility near As Samawah, Iraq (the "Project").  Thompson was hired by the LLC as the Project's on-site manager and engineering supervisor.  Thompson received a salary from the LLC and he was given signatory power over LLC funds held in various bank accounts.

Plaintiff alleges that instead of supervising the Project, Thompson spent his time selling and brokering the sale of power generating equipment and other electricity components to third parties for Thompson's own personal profit.  Thompson allegedly used LLC funds to pay for various expenses incurred in those non-Project activities.  Plaintiff also alleges that Thompson made and received "kickbacks" for his personal benefit and that he failed to properly supervise the Project.

On July 20, 2004, the LLC notified Thompson that he was no longer employed with the LLC and that his access to the LLC's finances was terminated.  The LLC also demanded the return of all Project related materials, including manuals and other documents related to a gas turbine unit that was purchased for the project.

Following his termination, Thompson allegedly interfered with the Project and other LLC business by making false statements to the LLC's subcontractors, suppliers, the Coalition Provisional Authority, Iraqi officials and the United States government.  Plaintiff

alleges that Thompson has wrongfully withdrawn in excess of $140,000 from LLC bank accounts.

The LLC has sued Thompson in a four (4) count complaint alleging conversion (count 1), breach of fiduciary duties (count 2), tortious interference with contractual and advantageous business relationships (count 3), and fraud in the inducement - rescission (count 4).

Thompson has filed a third party complaint/counterclaim against the LLC, the Foster Group, LLC, JoAnn Q. Foster, and Walter H. ("Rusty") Foster IV.  Thompson's three count complaint alleges that the parties defrauded him (count I), that JoAnn Foster, Walter Foster IV and the Foster Group, LLC converted assets of Foster-Thompson LLC to their own use (count II), and that JoAnn Foster and Walter Foster IV breached their fiduciary duty owed to Foster-Thompson LLC and Thompson.  The Foster Group, LLC, JoAnn Foster and Walter Foster IV ("Third Party Defendants") have moved for summary judgment on all three counts of Thompson's complaint.

## COUNT I

Third Party Defendants have moved for summary judgment on Count I, which alleges a cause of action for fraud.  In his response, Thompson states that he withdraws Count I. Accordingly, the Court finds that the Third Party Defendants are entitled to summary judgment on Count I.

## COUNT II

Count II alleges a cause of action for conversion against the three Third Party Defendants. Specifically, Thompson alleges that "JoAnn Foster, Walter Foster IV and Foster Group LLC have wrongfully converted assets of Foster-Thompson LLC to their own use."

The Third Party Defendants have moved for summary judgment on the grounds that Count II is a derivative claim asserted on behalf of the LLC and that Thompson has failed to make a demand to obtain action by the managing member of the LLC as required by § 608.601(2), Fla. Stat. (2004).  The Third Party Defendants also assert that Thompson has failed to satisfy the common law conversion requirement of demanding the return of the converted assets.  Thompson does not deny that he has failed to satisfy the requirements of § 608.601(2). Rather, Thompson argues that he is making a direct claim for conversion of his own assets.

The Court disagrees with Thompson's assertion. Thompson's own response to the motion for summary judgment notes that the Third Party Defendants attempted to convert the "assets and corporate opportunities of Foster-Thompson, LLC."[1]  It is apparent that Thompson is seeking to recover assets of the LLC.  Thompson's appropriate course of action would be to file a derivative action to seek to have the allegedly looted assets placed back into the LLC and to move to dissolve the LLC pursuant to §§ 608.441 and 608.449, Fla. Stat. (2004).   Accordingly, summary judgment is granted on Count II.

---

[1] Thompson does not allege a wrongful termination claim against the LLC.

# COUNT III

Count III of Thompson's complaint alleges that JoAnn Foster and Walter Foster, IV breached their fiduciary obligations owed to the LLC and Thompson.  JoAnn Foster, Walter Foster, IV and Steven Thompson were all members of the LLC.

Third Party Defendants' motion for summary judgment argues that Thompson's derivative claim brought on behalf of the LLC fails for the same reasons his conversion claim fails above.  The Court agrees. As the Court noted above, Thompson is seeking to recover assets of the LLC and his appropriate course of action would be to file a derivative action.

With regard to Thompson's personal breach of fiduciary claim against JoAnn Foster and Walter Foster, IV, the Third Party Defendants' motion argues that the Fosters did not owe a fiduciary duty to Thompson.  They note that § 608.4225, Fla. Stat. (2004), only creates a duty of loyalty and a duty of care to the limited liability company and its members.

At all times relevant hereto, § 608.4225, Fla. Stat. (2004), provided:

608.4225. General standards for managers and managing members

(1) Subject to ss. 608.4226 and 608.423, each manager and managing member shall owe a duty of loyalty and a duty of care to the limited liability company and all of the members of the limited liability company.

(a) The duty of loyalty includes, without limitation:

1. Accounting to the limited liability company and holding as trustee for the limited liability company any property, profit, or benefit derived by such manager or managing member in the conduct or winding up of the limited liability company business or derived from a use by such manager or managing member of limited liability company property, including the appropriation of a limited liability company opportunity.

2. Refraining from dealing with the limited liability company in the conduct or winding up of the limited liability company business as or on behalf of a party having an interest adverse to the limited liability company.

3. Refraining from competing with the limited liability company in the conduct of the limited liability company business before the dissolution of the limited liability company.

(b) The duty of care is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.

(c) Each manager and managing member shall discharge the duties to the limited liability company and its members under this chapter or under the articles of organization or operating agreement and exercise any rights consistent with the obligation of good faith and fair dealing.

(d) A manager or managing member does not violate a duty or obligation under this chapter or under the articles of organization or operating agreement merely because the manager's or managing member's conduct furthers such manager's or managing member's own interest.

(e) A manager or managing member may lend money to and transact other business with the limited liability company. As to each loan or transaction, the rights and obligations of the manager or managing member are the same as those of a person who is not a member, subject to other applicable law.

(f) This section applies to a person winding up the limited liability company business as the personal or other legal representative of the last surviving member as if such person were a manager or managing member.

(2) In discharging a manager's or managing member's duties, a manager or managing member is entitled to rely on information, opinions, reports, or statements, including financial statements and other financial data, if prepared or presented by:

(a) One or more members or employees of the limited liability company whom the manager or managing member reasonably believes to be reliable and competent in the matters presented;

(b) Legal counsel, public accountants, or other persons as to matters the manager or managing member reasonably believes are within the persons' professional or expert competence; or

(c) A committee of managers, members, or managing members of which the affected manager or managing member is not a participant if the manager or managing member reasonably believes the committee merits confidence.

(3) In discharging a manager's or managing member's duties, a manager or managing member may consider such factors as the manager or managing member deems relevant, including the long-term prospects and interests of the limited liability company and its members, and the social, economic, legal, or other effects of any action on the employees, suppliers, customers of the limited liability company, the communities and society in which the limited liability company operates, and the economy of the state and the nation.

(4) A member, manager, or managing member is not acting in good faith if the member, manager, or managing member has knowledge concerning the matter in question that makes reliance otherwise permitted by subsection (2) unwarranted.

(5) A manager or managing member is not liable for any action taken as a manager or managing member, or any failure to take any action, if the manager or managing member performed the duties of the manager's or managing member's position in compliance with this section.

Although § 608.4225 does not specifically create an obligation entitled "fiduciary duty," § 608.4225 does create a "duty of care" and a "duty of loyalty."[2]  While § 608.4225 was not specifically identified in the complaint, the Court finds that the Fosters had sufficient notice that they owed a duty to members of the LLC.  The Fosters have not argued that they did not violate any of the duties created by § 608.4225.  Accordingly, the motion is denied with regard to Thompson's individual claims against the Fosters as contained in Count III.

It is therefore ORDERED AND ADJUDGED that:

---

[2]  Beasley v. Cadwalader, Wickersham & Taft, No. CL 94-8646 AJ, 1996 WL 438777 (Fla. 15th Cir. Ct. July 23, 1996), aff'd in part and rev'd in part, 728 So.2d 253 (Fla. 4th DCA 1998) is inapplicable to this case because the court in Beasley was interpreting New York, not Florida, law.

1.      Third Party Defendants' Motion for Final Summary Judgment (Dkt. # 73) is

GRANTED IN PART AND DENIED IN PART as stated herein.

2.      Summary Judgment is granted against Steven Thompson on Counts I and II of

his Third Party Complaint/Counterclaim.

3.      Third Party Defendant Foster Group, LLC is dismissed as a party to this case.

**DONE** and **ORDERED** in Tampa, Florida on November 18, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-2128.msj re counterclaim.wpd