**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FOSTER-THOMPSON, LLC,**

    **Plaintiff,**

v.                                                         Case No.  8:04-cv-2128-T-30EAJ

**STEVEN THOMPSON,**

    **Defendant.**

_____/

**ORDER**

     THIS CAUSE comes before the Court upon Defendant and Third Party Plaintiff's Unopposed Motion for Permission to Appeal Order Disqualifying Karl Cambronne as Trial Counsel (Dkt. #150) and Foster Parties' Response in Opposition to Steven Thompson's Motion for §1292(b) Certification (Dkt. #151).  The Court, having considered the motion and response, applicable case law and Title 28 U.S.C. §1292(b), finds that the circumstances presented in this case do not meet the requirements of §1292(b).

     The Order (Dkt. #138) does not involve a controlling question of law nor would a resolution of the issue materially advance the ultimate termination of the litigation.  This Court construes §1292(b) requirement that "an immediate appeal from the order may materially advance the ultimate termination of the litigation" to mean that if the proffered controlling question of law was settled then the case most probably would no longer have to be tried.  Such would not be the result in this case.

     Further, this case does not present a controlling question of law as to which there is substantial ground for difference of opinion.  The principles of law concerning the disqualification of trial counsel are settled.  The question here is whether this Court properly

applied the law to the particular factual situation at hand.  Such disputes are not properly appealable under §1292(b).  Defendant and Third Party Plaintiff should seek relief through a petition for a writ of mandamus.

This Court acknowledges that the disqualification of trial counsel is an extraordinary remedy to be employed sparingly.  Plaintiff's and Third-Party Counterclaim Plaintiff's (1) Rule 615 Motion to Exclude Fact Witnesses, Including Karl Cambronne, and (2) Motion to Disqualify Karl Cambronne From Serving as Trial Counsel for Steven Thompson, and Supporting Memorandum (Dkt. #107-1) was not lightly granted.  The Court understands why the Defendant/Third Party Plaintiff wishes to seek relief.  Accordingly, this Court will continue the jury trial of this matter set for the trial month of March 6, 2006, in order to allow Defendant/Third Party Plaintiff the opportunity to seek relief from this Court's Order (Dkt. #138) by petition for writ of mandamus and to obtain substitute counsel, if necessary.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant and Third Party Plaintiff's Unopposed Motion for Permission to Appeal Order Disqualifying Karl Cambronne as Trial Counsel (Dkt. #150) is DENIED.

2. The jury trial of this matter set for the trial month of March 6, 2006, shall be CONTINUED until further order of this Court.

**DONE** and **ORDERED** in Tampa, Florida on February 13, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-2128.order 1292(b).frm