# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT



8:04CV2128-T-30

No. 06-12375-F

IN RE:

STEVEN THOMPSON,

Petitioner.

---

On Petition for Writ of Mandamus to the United States
District Court for the Middle District of Florida

---

BEFORE: ANDERSON, BIRCH and HULL, Circuit Judges.

BY THE COURT:

On April 27, 2006, this Court ordered the Respondents to file a response to this petition for writ of mandamus and invited the District Court to do so, which invitation the District Court declined. We have now reviewed the petition and the response, as well as the documents filed by the parties in support of their positions.

Our review of the District Court's February 3, 2006, Order and the District Court's subsequent statement that Petitioner's counsel was disqualified from the case indicates that the District Court has clearly erred in two regards.

As the District Court noted in its order, Rule 4-3.7(a) of the Florida Rules of Professional Conduct provides that "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where: . . . (4) disqualification of the lawyer would work substantial hardship on the client." The Comments to that Rule state that "Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness." Although the District Court acknowledged the "substantial hardship" exception to the Rule, it did not discuss that exception in the Order before us.

In addition, we note that the District Court's comments at an April 5, 2006, hearing indicate that, insofar as the District Court is concerned, counsel was disqualified from the case in its entirety, rather than merely being disqualified from representing Petitioner at trial. This is also error as the Florida courts have limited counsel's disqualification under the Rule, in cases where counsel's disqualification arises because of his role as a witness, to counsel's appearance at trial and have allowed such counsel to participate in pretrial and posttrial matters.. See Eccles v. Nelson, 919 So.2d 658, 660 (Fla. 5th D.C.A. 2006); Graves v. Lapi,

834 So.2d 359, 360 (Fla. 4th D.C.A. 2003); Columbo v. Puig, 745 So.2d 1106, 1107 (Fla. 3d D.C.A. 1999).

Mandamus is appropriate only when "no other adequate means are available to remedy a clear usurpation of power or abuse of discretion" by a district court. See In re: Loudermilch, 158 F.3d 1143, 1144 (11th Cir. 1998); see also In Re: Lopez-Lukis, 113 F.3d 1187, 1187 (11th Cir. 1997). In the context of attorney disqualification orders, this Court has stated that "Mandamus is an extraordinary remedy requiring demonstrable injustice or irreparable injury. Consequently, following the lead of Sandahl, mandamus should ordinarily lie to remedy an attorney disqualification order only if the district court order is patently erroneous and the petitioners have shown a clear and undisputable right to relief." See In Re BellSouth Corp., 334 F.3d 941, 954 (11th Cir. 2003).

In light of the District Court's clear errors in two areas, we GRANT the petition IN PART to the extent that we direct the District Court to reconsider its disqualification order so as to determine whether disqualification of Petitioner's counsel will work a substantial hardship on Petitioner and whether, despite that substantial hardship, counsel should still be disqualified from representing

3

Petitioner at trial.[1] Should the District Court again conclude that counsel should be disqualified from representing Petitioner at trial, the District Court is also directed to limit the scope of its disqualification order in compliance with the Florida Rule.

We DENY the petition IN PART as to Petitioner's request that the case below be reassigned to another judge.

We are aware that Middle District of Florida Local Rule 2.02(a)(1) requires a non-resident attorney to file a "written designation and consent-to-act on the part of some member of the bar of this Court, resident in Florida, upon whom all notices and papers may be served and who will be responsible for the progress of the case, including the trial in default of the non-resident attorney." We are also aware that Petitioner's former local counsel has been allowed to withdraw. The Court anticipates that, in accordance with that court's local rule, the District Court will allow Petitioner's counsel sufficient time to file the required designation.

---

[1] We, however, find no error in the District Court's determination that Respondents would be prejudiced if Petitioner's counsel did not testify about what he told third parties and that Petitioner's counsel's testimony was material and necessary and that the testimony about what he told Petitioner would likely conflict with Petitioner's emails indicating that he was shutting down the project. Nothing herein expresses an opinion on the ultimate conclusion as to disqualification. Nonetheless, the District Court must still consider the substantial hardship factor and appropriately weigh all factors in its ultimate conclusion.

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

June 07, 2006

Karl L. Cambronne
Chestnut & Cambronne, P.A.
222 S 9TH ST STE 3700
MINNEAPOLIS  MN  55402-3806

**Appeal Number: 06-12375-F**
Case Style: In Re:  Steven Thompson
District Court Number:  04-02128 CV-T-30-TBM


The enclosed certified copy of this Court's Order of Dismissal is issued as the mandate of this court.

> Sincerely,
>
> THOMAS K. KAHN, Clerk
>
> Reply To: Mildred Norwood/wl/404-335-6185

Encl.

DIS-4  (3-2005)